**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                  No. 02-4121

RICARDO ANTIONE KING,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-223)

Submitted: August 9, 2002

Decided: August 26, 2002

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Susan A. Kessler, BLACKBURN, CONTE, SCHILLING & CLICK,
P.C., Richmond, Virginia, for Appellant. Paul J. McNulty, United
States Attorney, Brian D. Miller, Assistant United States Attorney,
Michael J. Elston, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ricardo Antione King appeals from his conviction following a jury trial of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (2000), using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2000), possession of a firearm after having been convicted of a crime punishable by imprisonment in excess of one year, in violation of 18 U.S.C. § 922(g) (2000), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2000). Finding no reversible error, we affirm.

On appeal, King contends the trial court erred by denying his motion to suppress the pretrial and in-court identifications of John and Sun Jung. A district court's decision to admit eyewitness testimony, as any evidentiary ruling, is entitled to substantial deference and may only be reversed if the court clearly abused its discretion. *United States v. Murray*, 65 F.3d 1161, 1168 (4th Cir. 1995). Because we find the identification procedure was not impermissibly suggestive, *see Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994), and the Jungs' identifications were reliable under the totality of the circumstances, *see Manson v. Brathwaite*, 432 U.S. 98, 114 (1977), we find the district court did not abuse its discretion by admitting the contested testimony.

King next contends the district court gave the jury a coercive *Allen v. United States*, 164 U.S. 492 (1896), charge. Because King failed to object at trial, review is for plain error. *See United States v. Olano*, 507 U.S. 725 (1993). We find no such error.

Finally, King challenges the sufficiency of the evidence against him, alleging that without the Jungs' identification testimony, no rea-

sonable jury could find the Government sustained its burden of proof. Taking the evidence in the light most favorable to the Government, we find a reasonable trier of fact could have found the Defendant guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942).

Accordingly, we affirm King's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*